IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIMBERLY REED ALI, and MI'TE PHARU EL, <br><br> Plaintiffs, <br><br> vs. <br><br> EDWARD E. BRINK, SOUTHLAW P.C., KEVIN J. PEARSON, and M&T BANK, <br><br> Defendants. | 8:20CV23 <br><br> ORDER |

This matter is before the Court on the Motion for a Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief, ECF No. 8, filed by Plaintiffs Kimberly Reed Ali and Mi'Te Pharu El. For the following reasons, the motion will be denied, and this action will be dismissed for lack of subject matter jurisdiction.[1]

"[A] federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction." *Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Plaintiffs have not alleged a cause of action arising from any federal question. Liberally construing Plaintiffs' pro se Complaint, ECF No. 1, at most they plead state law causes of action regarding an unlawful contract and wrongful foreclosure. Therefore, the Complaint does not allege federal question jurisdiction.

---

[1] "A question of subject-matter jurisdiction may be raised sua sponte at any time." *Lundeen v. Canadian Pac. Ry. Co.*, 447 F.3d 606, 611 (8th Cir. 2006), *rev'd on other grounds*, 532 F.3d 682 (8th Cir. 2008).

"It is . . . well settled that federal diversity jurisdiction requires complete diversity, so that no defendant is a citizen of the same state as any plaintiff." *Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997) (citations omitted). It is clear from the Complaint that there is not complete diversity between Plaintiffs and Defendants. Plaintiffs are citizens of Nebraska. Compl., ECF No. 1 at Page ID # 2 ("Kimberly Reed Ali, Mi'Te Pharu El, are Indigenous American[] Citizens . . . that domicile in the Nebraska Republic Territory."). Defendants Edward E. Brink and SouthLaw P.C. are also citizens of Nebraska. Compl., ECF No. 1 at Page ID # 2 ("Edward Brink is a citizen of the STATE OF NEBRASKA. . . . SouthLaw P.C. is incorporated under the laws of the STATE OF NEBRASKA . . . .") (emphasis in original). Therefore, the Complaint does not allege diversity of citizenship jurisdiction.

Accordingly,

IT IS ORDERED:

1. Plaintiffs' Motion for a Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief, ECF No. 8, is denied;

2. Plaintiffs' pro se Civil Complaint, ECF No. 1, is dismissed, without prejudice;

3. The Clerk shall mail a copy of this Order to the pro se Plaintiffs; and

4. A separate judgment will be entered.

Dated this 4th day of February 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge